Zachary P. Takos, Esq., Nevada Bar No. 11293
Steven R. Hart, Esq., Nevada Bar No. 15418
**TAKOS LAW GROUP, LTD.**
1935 Village Center Circle
Las Vegas, Nevada 89134
Telephone: 702.658.1900
Facsimile: 702.924.4422
Email:  zach@takoslaw.com
            steven@takoslaw.com

*Counsel for Craig Cox, Greg Bristol,*
*and Aventus NV, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CRAIG COX, individually and derivatively on behalf of AVENTUS NV, INC., a Nevada corporation; and GREG BRISTOL, individually and derivatively on behalf of AVENTUS NV, INC., a Nevada corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JASON LEISEY, an individual and resident of the State of New Jersey; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive; <br><br> Defendants. | Case No.  2:26-cv-01737 <br><br> **COMPLAINT** |

Plaintiffs Craig Cox and Greg Bristol ("Plaintiffs"), individually and derivatively on behalf of Aventus NV, Inc. ("Aventus" or the "Company"), by and through their counsel, Takos Law Group, Ltd., hereby complain against the above-named Defendants as follows:

### NATURE OF ACTION

1.    This is a shareholder derivative action brought on behalf of Aventus NV, Inc., a Nevada corporation, against Defendant Jason Leisey ("Leisey"), the Company's majority shareholder, Chairman of the Board, President, and Chief Executive Officer.

Takos Law Group, Ltd.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

2. Aventus is a Nevada-based federal construction contractor that performs projects for government agencies and depends upon its reputation, financial integrity, bonding capacity, and regulatory compliance to remain competitive in the federal contracting marketplace.

3. Plaintiffs bring this action to recover damages sustained by Aventus as a direct and proximate result of Leisey's misconduct, breaches of fiduciary duty, self-dealing transactions, misuse of corporate assets, violations of the Company's governing documents, and refusal to provide complete access to corporate books and records. Despite Plaintiffs' repeated requests for bank records, supporting documentation, accounting records, loan information, distribution records, and other financial documents, Leisey failed and refused to provide full and complete access to the requested records.

4. Rather than acting in the best interests of Aventus, Leisey used his position of control to treat the Company as his personal piggy bank and administrative support platform for unrelated personal ventures and affiliated entities.

5. Among other things, Leisey diverted Aventus resources, personnel, vendors, credit facilities, and funds for the benefit of businesses and interests unrelated to Aventus.

6. A substantial portion of the challenged conduct concerns Leisey's use of Aventus resources to support and subsidize Emerald Tea Supply Company, a cannabis-related business located in New Jersey and owned or controlled by Leisey.

7. Plaintiffs are informed and believe, and thereon allege, that Aventus employees, contractors, consultants, vendors, accounting personnel, information technology providers, financial advisors, and other Company resources were used by Leisey to support Emerald Tea Supply Company and other Leisey-affiliated ventures without authorization and without reimbursement to Aventus.

8. Plaintiffs are further informed and believe, and thereon allege, that Leisey caused Aventus funds and assets to be transferred, loaned, distributed, expended, or otherwise used for his personal benefit and for the benefit of affiliated entities at the expense of Aventus and its shareholders.

Takos Law Group, Ltd.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

9. Leisey simultaneously maintained exclusive control over Aventus financial records, banking information, accounting functions, and financial reporting while withholding material information from Plaintiffs and other stakeholders.

10. The misconduct described herein has caused substantial harm to Aventus, including but not limited to financial losses, increased liabilities, loss of business opportunities, damage to goodwill, impairment of corporate governance, loss of shareholder confidence, and exposure to regulatory and litigation risks.

11. Plaintiffs seek injunctive relief removing Leisey from positions of control within Aventus, an accounting of corporate funds, recovery of all damages suffered by Aventus, disgorgement of improperly obtained benefits, restoration of converted property, and all other relief authorized by law.

## PARTIES

12. Plaintiff Craig Cox ("Cox") is, and at all relevant times was, a citizen and resident of the State of Nevada.

13. Cox is a shareholder, director, and owner of Aventus.

14. Cox has continuously owned shares of Aventus during all times relevant to the conduct alleged in this Complaint.

15. Plaintiff Greg Bristol ("Bristol") is, and at all relevant times was, a citizen and resident of the State of Nevada.

16. Bristol is a shareholder, director, and owner of Aventus.

17. Bristol has continuously owned shares of Aventus during all times relevant to the conduct alleged in this Complaint.

18. Plaintiffs bring this action both individually and derivatively on behalf of Aventus to recover for injuries sustained by the Company.

19. Nominal Plaintiff Aventus NV, Inc. is a Nevada corporation with its principal place of business in Clark County, Nevada.

20. Aventus was formerly known as C & C Contracting, Inc.

21.    Aventus conducts construction and contracting operations throughout the United States and performs work for governmental agencies and public entities.

22.    Aventus is named solely as a nominal defendant because the claims asserted herein belong to the Company and are asserted derivatively for its benefit.

23.    Defendant Jason Leisey is, and at all relevant times was, a citizen and resident of the State of New Jersey.

24.    Leisey claims ownership of a majority interest in Aventus.

25.    Leisey has served as Chairman of the Board, President, Chief Executive Officer, and controlling shareholder of Aventus.

26.    At all relevant times, Leisey exercised substantial control over Aventus operations, finances, corporate records, banking relationships, accounting functions, vendors, employees, and strategic decision-making.

27.    At all relevant times, Leisey owed fiduciary duties of loyalty, care, candor, good faith, and fair dealing to Aventus and its shareholders.

28.    The true names, identities, and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does I through X, inclusive, and Roe Corporations I through X, inclusive ("Doe and Roe Defendants"), are presently unknown to Plaintiffs, who therefore sue such Doe and Roe Defendants by fictitious names. Plaintiffs are informed and believe, and upon such information and belief, allege that the Doe and Roe Defendants are legally responsible in some manner for the unlawful acts and/or omissions hereinafter described. Plaintiffs will seek leave of Court to amend this complaint to reflect the true names and capacities of each of the Doe and Roe Defendants as and when such information is ascertained.

**JURISDICTION AND VENUE**

29.    The United States District Court for the District of Nevada has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

4

30. The acts and events at issue in this complaint involve and relate to conduct and controversies that occurred in Clark County, Nevada. Defendant participated in, and/or continues to participate in, the activities that are at issue in this matter, which activities occurred in Clark County, Nevada. Additionally, Defendant regularly conducts business in Clark County, Nevada. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

## DERIVATIVE ACTION ALLEGATIONS

31. Plaintiffs bring this action derivatively on behalf of Aventus pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and applicable Nevada law.

32. The claims asserted herein belong primarily to Aventus.

33. Plaintiffs seek to enforce rights belonging to Aventus and to recover damages suffered by Aventus.

34. Plaintiffs fairly and adequately represent the interests of Aventus and its shareholders in enforcing and protecting the Company's rights.

35. Plaintiffs were shareholders of Aventus at the time of the wrongful conduct complained of herein.

36. Plaintiffs have continuously maintained their ownership interests in Aventus throughout the relevant period.

37. Plaintiffs have not collusively acquired their ownership interests for purposes of instituting this litigation.

38. Prior to filing this action, Plaintiffs repeatedly raised concerns regarding Leisey's conduct, misuse of corporate assets, financial management, related-party transactions, distributions, accounting practices, and access to corporate records.

39. Plaintiffs demanded explanations concerning numerous transactions involving Leisey, Emerald Tea Supply Company, JAGGR Management, and other related entities.

40. Plaintiffs repeatedly requested access to corporate books, records, financial statements, supporting documentation, and transaction histories.

41. Plaintiffs repeatedly sought corporate action to address the conduct alleged herein.

42. Any further demand upon Aventus, its Board of Directors, or Leisey to initiate litigation against Leisey would have been futile.

43. At all relevant times, Leisey exercised substantial control over Aventus and its decision-making processes.

44. Leisey possessed the authority to approve or veto corporate action.

45. Leisey controlled access to material financial information necessary to evaluate the challenged transactions.

46. Leisey personally participated in and benefited from the conduct challenged herein.

47. The principal wrongdoer is the same individual who controls whether Aventus would pursue claims against him.

48. Under these circumstances, no reasonable board or decision-making process controlled by Leisey could independently or impartially determine whether Aventus should sue Leisey for the misconduct alleged herein.

49. Accordingly, demand is excused as futile.

50. Plaintiffs bring this action in good faith and solely for the benefit of Aventus and its shareholders.

51. Any recovery obtained herein belongs to Aventus except to the extent otherwise permitted by law.

52. Plaintiffs seek all equitable and legal remedies necessary to protect Aventus from further harm and to restore property, funds, opportunities, and value wrongfully diverted from the Company.

## GENERAL ALLEGATIONS

### Formation and Growth of Aventus

53. Aventus was originally formed as C & C Contracting, Inc., a Nevada corporation engaged in the construction industry.

54. Prior to Defendant's involvement, the Company was operated by its founders and focused on construction, contracting, and government-related projects.

6

55.     Through substantial effort, experience, and industry relationships, the Company developed a reputation for performing quality work and successfully obtaining public and government contracts.

56.     In or around January 2020, Leisey acquired a controlling ownership interest in the Company.

57.     Plaintiffs are informed and believe that Leisey agreed to purchase a majority ownership interest in the Company for approximately One Million Dollars ($1,000,000.00), to be paid over time.

58.     One of the primary reasons for Leisey's involvement was his status as a service-disabled veteran and the opportunities that status provided in the federal contracting marketplace.

59.     Following Leisey's acquisition of control, the Company eventually rebranded and became known as Aventus NV, Inc.

60.     The parties shared a common objective of growing Aventus into a successful federal contracting company capable of obtaining increasingly larger public and government projects.

61.     Plaintiffs continued to oversee substantial operational responsibilities while Leisey increasingly assumed responsibility for financial management, administration, corporate governance, and strategic planning.

62.     Plaintiffs relied upon Leisey's representations that he would act in the best interests of Aventus and its shareholders.

**Leisey Consolidates Corporate Authority**

63.     As Aventus grew, Leisey accumulated substantial authority within the Company.

64.     Leisey served as Chairman of the Board, President, Chief Executive Officer, and majority shareholder.

65.     Leisey exercised substantial control over banking relationships, accounting functions, corporate credit cards, financial reporting, tax planning, distributions, consultants, vendors, and administrative personnel.

7

66. Leisey also exercised significant influence over the Company's governance structure.

67. In or around 2021 and 2022, Aventus adopted revised bylaws that granted extraordinary authority to the Chairman of the Board.

68. Under those bylaws, the Chairman maintained veto authority over Board decisions and ultimate control over Board action.

69. The bylaws further provided that the Chairman alone could constitute a quorum for the transaction of corporate business.

70. As a practical matter, as Chairman, Leisey possessed the ability to control virtually every major corporate decision.

71. Plaintiffs trusted Leisey to exercise that authority responsibly and in the best interests of Aventus.

72. Instead, Leisey increasingly exercised that authority for his own personal benefit and the benefit of affiliated entities.

**The Campozano Litigation and Its Consequences**

73. In 2024, a dispute arose between Leisey and another shareholder and officer, Robert Campozano.

74. The dispute ultimately resulted in litigation involving Campozano, Leisey, and Aventus.

75. Plaintiffs are informed and believe that many of the allegations asserted against Leisey in that litigation involved concerns regarding Leisey's conduct, financial decisions, and exercise of authority within the Company.

76. As a direct result of that litigation, Aventus incurred substantial attorneys' fees and expenses.

77. Plaintiffs are informed and believe that Aventus has spent approximately Ninety Thousand Dollars ($90,000.00) defending claims that largely arose from Leisey's conduct.

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

8

78. Aventus also lost access to an important line of credit used to finance projects and operations.

79. The loss of that credit facility materially impaired Aventus' ability to pursue additional business opportunities.

**Leisey Portrays Himself as the Company's Financial Steward**

80. Throughout 2024 and 2025, Leisey repeatedly represented himself as the individual primarily responsible for the financial management of Aventus.

81. Leisey regularly advocated for increased governance measures, increased administrative oversight, and additional financial controls.

82. Leisey frequently emphasized the need for fiscal discipline and careful management of Company resources.

83. Plaintiffs relied upon those representations.

84. Plaintiffs reasonably believed that Leisey was managing Company finances in a manner consistent with his fiduciary obligations.

**Discovery of Questionable Financial Transactions**

85. In or around mid-2025, concerns began to emerge regarding the accuracy of Aventus' financial reporting.

86. Leisey circulated financial information that prompted Plaintiffs to review Company accounts and transactions more closely.

87. During that review, Plaintiffs identified numerous transactions that appeared inconsistent with ordinary Company operations.

88. Plaintiffs also identified substantial discrepancies involving distributions, loans, reimbursements, and related-party transactions.

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

89.   As Plaintiffs investigated further, additional concerns emerged regarding the movement of funds through Aventus accounts.

90.   Plaintiffs requested explanations and supporting documentation from Leisey.

91.   The explanations provided were incomplete, inconsistent, or raised additional questions.

92.   Rather than clarifying the Company's financial condition, the information produced by Leisey revealed additional transactions that required explanation.

### The Retirement Money Transactions

93.   Plaintiffs eventually learned that Leisey had used a series of transactions involving his retirement funds, affiliated entities, and Aventus accounts.

94.   According to Leisey's own explanations, the purpose of those transactions was to obtain funds for use in connection with Emerald Tea Supply Company.

95.   Emerald Tea Supply Company is a cannabis-related business located in New Jersey.

96.   Emerald Tea Supply Company is separate and distinct from Aventus.

97.   Emerald Tea Supply Company does not share Aventus' business purpose.

98.   Emerald Tea Supply Company does not operate as a federal contractor.

99.   Plaintiffs never authorized Aventus to serve as a financing vehicle for Emerald Tea Supply Company.

100.   Plaintiffs never approved the use of Aventus assets, accounts, or resources to facilitate the capitalization or operation of Emerald Tea Supply Company.

101.   Plaintiffs are informed and believe that funds were transferred through various entities and accounts before ultimately benefiting Leisey and/or Emerald Tea Supply Company.

102.   Plaintiffs repeatedly requested documentation sufficient to trace these transactions.

103.   To date, substantial questions remain regarding the full scope and purpose of these transfers.

104.   Plaintiffs are informed and believe that more money may have been returned to Leisey than was originally contributed.

10

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

105. Plaintiffs further allege that Aventus received no meaningful corporate benefit from these transactions.

106. Instead, the transactions primarily benefited Leisey and entities under his control.

107. Aventus assumed the risk while Leisey received the benefit.

**Leisey Uses Aventus Resources to Support Emerald Tea Supply Company**

108. Plaintiffs As Plaintiffs continued reviewing Aventus financial records and supporting documentation, a troubling pattern emerged.

109. Rather than maintaining a clear separation between Aventus and his personal business ventures, Leisey repeatedly used Aventus resources for the benefit of Emerald Tea Supply Company, a cannabis-related business operating in New Jersey.

110. Emerald Tea Supply Company was not a subsidiary of Aventus.

111. Emerald Tea Supply Company was not owned by Aventus.

112. Emerald Tea Supply Company was not operated for the benefit of Aventus.

113. Emerald Tea Supply Company was not engaged in federal construction contracting.

114. Aventus had no legitimate business reason to subsidize Emerald Tea Supply Company's operations.

115. Nevertheless, Leisey repeatedly caused Aventus assets, resources, vendors, employees, and funds to be utilized for Emerald Tea Supply Company's benefit.

116. Plaintiffs neither authorized nor approved such conduct.

117. Aventus was never fully reimbursed for the resources diverted to Emerald Tea Supply Company.

118. Plaintiffs are informed and believe that Leisey intentionally concealed the scope of these activities from Aventus' shareholders and directors.

11

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

119. In September 2025, after substantial concerns had already arisen regarding Aventus' finances, Plaintiffs confronted Leisey regarding a growing number of questionable transactions.

120. In response, Leisey provided limited information regarding certain expenses and transfers.

121. That information confirmed that Aventus resources had been utilized for the benefit of Emerald Tea Supply Company and other Leisey-controlled entities.

122. Rather than resolving Plaintiffs' concerns, the disclosures revealed additional misconduct.

**The JAGGR and Emerald Tea Supply Company Charges**

123. During their review of Aventus credit card accounts and financial records, Plaintiffs identified substantial charges associated with JAGGR Management, Emerald Tea Supply Company, and related activities.

124. Plaintiffs discovered that Aventus had paid tens of thousands of dollars in invoices associated with JAGGR and Emerald Tea Supply Company activities.

125. Plaintiffs are informed and believe that Aventus paid in excess of Twenty-Eight Thousand Dollars ($28,000.00) in charges associated with services that benefited Emerald Tea Supply Company rather than Aventus.

126. Those charges were incurred through Aventus accounts and paid with Aventus funds.

127. Leisey never obtained approval from the Board of Directors before causing Aventus to incur these expenses.

128. Leisey never sought shareholder approval before causing Aventus to incur these expenses.

129. Leisey never disclosed the full scope of these expenses when they were incurred.

130. Plaintiffs are informed and believe that additional charges remain unidentified due to Leisey's failure to maintain transparent records and provide complete documentation.

131. The use of Aventus funds to support Emerald Tea Supply Company provided no corresponding benefit to Aventus.

132.    Instead, Aventus bore the expense while Emerald Tea Supply Company received the benefit.

133.    Plaintiffs are informed and believe that these expenditures were knowingly incurred by Leisey for the purpose of advancing Emerald Tea Supply Company's operations.

134.    Such expenditures constituted self-dealing transactions that benefited Leisey personally.

### Use of Aventus Information Technology Resources

135.    Plaintiffs discovered that Aventus' third-party information technology providers were utilized to establish, support, and operate Emerald Tea Supply Company's technology infrastructure.

136.    Aventus paid those vendors with corporate funds.

137.    Emerald Tea Supply Company received the benefit of those services.

138.    Plaintiffs are informed and believe that Aventus was never fully reimbursed for those expenditures.

139.    Plaintiffs further discovered communications indicating that Leisey attempted to structure repayments through indirect methods that raised concerns among the vendors involved.

140.    Those efforts further complicated the ability of Aventus to accurately track the expenses incurred on Emerald Tea Supply Company's behalf.

141.    At no point did Leisey obtain approval from disinterested directors before causing Aventus vendors to perform work for Emerald Tea Supply Company.

142.    At no point did Leisey disclose the full extent of such arrangements before they were implemented.

143.    Instead, Leisey unilaterally utilized Aventus resources as though they were his own.

### Use of Aventus Financial Advisors and Consultants

13

144.   Aventus retained third-party financial advisors and consultants to assist with corporate accounting, financial planning, budgeting, forecasting, and related financial matters.

145.   Plaintiffs later learned that those same advisors were being utilized in connection with Emerald Tea Supply Company and Leisey's personal business activities.

146.   Plaintiffs are informed and believe that Aventus paid substantial fees for services that benefited Emerald Tea Supply Company.

147.   Those fees included services relating to financial planning, business operations, accounting, and related matters.

148.   Plaintiffs are informed and believe that Aventus paid more than One Hundred Thousand Dollars ($100,000.00) in consulting and advisory expenses during the relevant period.

149.   Plaintiffs have been unable to determine how much of that work was actually performed for Aventus as opposed to Emerald Tea Supply Company due to Leisey's failure to maintain transparent records.

150.   To the extent those advisors provided services to Emerald Tea Supply Company while being paid by Aventus, Aventus suffered direct financial injury.

151.   Leisey personally benefited from those arrangements.

152.   Aventus received little or no benefit from substantial portions of those expenditures.

**Use of Aventus Employees for Emerald Tea Supply Company**

153.   Leisey also caused Aventus personnel to perform work for Emerald Tea Supply Company.

154.   Plaintiffs discovered evidence that Aventus employees and administrative personnel spent substantial time working on Emerald Tea Supply Company matters.

155.   Those employees were compensated by Aventus.

156.   Their salaries, benefits, payroll taxes, and overhead expenses were paid by Aventus.

157.   Emerald Tea Supply Company did not reimburse Aventus for the full value of that labor.

14

Takos Law Group, Ltd.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

158. Plaintiffs are informed and believe that Aventus employees were directed to perform accounting, administrative, financial, and operational tasks for Emerald Tea Supply Company.

159. Those activities occurred while Aventus itself required substantial administrative support.

160. Leisey placed the interests of Emerald Tea Supply Company ahead of the interests of Aventus.

161. By doing so, Leisey diverted valuable corporate resources away from the Company that paid for them.

162. Plaintiffs are informed and believe that the amount of diverted employee time and labor remains unknown due to the incomplete records maintained by Leisey.

**Leisey Uses Aventus as His Personal Piggy Bank**

163. The transactions described herein were not isolated mistakes.

164. They were part of a broader pattern of conduct through which Leisey treated Aventus as his personal piggy bank.

165. Whenever Emerald Tea Supply Company required funding, personnel, vendors, infrastructure, or administrative support, Leisey looked to Aventus rather than bearing those expenses himself.

166. Whenever Emerald Tea Supply Company needed assistance, Aventus resources were made available to it by Leisey.

167. Whenever Aventus resources could be used to reduce Emerald Tea Supply Company's costs, Leisey utilized them for that purpose.

168. Leisey exercised this authority because he controlled the Aventus' finances and decision-making processes.

169. Plaintiffs did not enjoy similar authority.

170. Plaintiffs were not afforded the same access to corporate resources for personal ventures.

15

171. Leisey's conduct constituted a misuse of corporate assets and a breach of the trust placed in him as an officer, director, and controlling shareholder.

172. Leisey enriched himself and his affiliated businesses at the expense of Aventus.

173. Aventus suffered damages in an amount to be proven at trial.

### Risk to Aventus as a Federal Contractor

174. Aventus derives substantial value from its reputation as a responsible government contractor.

175. Aventus' ability to obtain public and federal contracts depends upon maintaining strong financial controls, ethical business practices, and regulatory compliance.

176. Plaintiffs repeatedly expressed concerns regarding the risks created by Leisey's conduct.

177. Plaintiffs warned that intertwining Aventus resources with a cannabis-related business could create significant reputational, financial, and operational concerns.

178. Plaintiffs further warned that the misuse of corporate funds and resources could jeopardize existing business relationships and future contracting opportunities.

179. Despite those concerns, Leisey continued the challenged conduct.

180. Leisey placed his personal interests ahead of the interests of Aventus.

181. Aventus was left to bear the consequences of those decisions.

182. As a direct and proximate result of Leisey's actions, Aventus suffered financial harm, reputational harm, governance failures, and exposure to substantial risk.

183. Plaintiffs continue to discover additional transactions and conduct that occurred under Leisey's control and that have not yet been fully explained.

### Improper Loans, Distributions, and Personal Expenses

184. As Plaintiffs continued reviewing Aventus' finances, they discovered additional transactions that primarily benefited Leisey rather than the Company.

Takos Law Group, Ltd.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

16

185. Among other things, Leisey caused Aventus to make loans, distributions, and payments for his personal benefit while simultaneously claiming the Company was experiencing financial difficulties.

186. In 2025, Leisey represented that Aventus' financial condition required significant cost controls and operational changes.

187. At the same time, Leisey received substantial payments from Aventus that were not made proportionately to the remaining shareholders.

188. Plaintiffs discovered transactions initially characterized as shareholder distributions that were later recharacterized as loans after questions were raised regarding their legitimacy.

189. Plaintiffs are informed and believe that Leisey caused Company funds to be distributed to himself without proper authorization and without corresponding distributions to the remaining shareholders.

190. Plaintiffs further discovered that Leisey used Aventus funds to satisfy personal obligations and expenses unrelated to Company operations.

191. These expenses included, among other things, personal tax obligations, personal financial obligations, and expenses associated with Leisey's individual affairs.

192. While Leisey was receiving these benefits, Aventus was experiencing financial strain, increased litigation expenses, and reduced access to capital.

193. Plaintiffs repeatedly requested documentation supporting these transactions.

194. Leisey failed to provide a complete accounting.

195. Plaintiffs are informed and believe that additional improper payments remain undisclosed.

196. To the extent Aventus funds were used for Leisey's personal benefit, Aventus suffered direct financial injury.

197. Leisey was unjustly enriched at the Company's expense.

**Failure to Make Pro Rata Distributions**

17

198. Aventus elected to be treated as a pass-through entity for tax purposes.

199. As a result, shareholders incurred tax obligations attributable to Company income.

200. Leisey caused distributions to be made for his own tax obligations while failing to make comparable distributions to the remaining shareholders.

201. Plaintiffs repeatedly raised concerns regarding these unequal distributions.

202. Plaintiffs are informed and believe that Leisey retained Company funds that should have been distributed proportionately among shareholders.

203. By favoring himself over the remaining shareholders, Leisey violated his fiduciary duties and acted contrary to the interests of Aventus.

204. Leisey's conduct created unnecessary tax burdens, financial hardship, and conflict among the shareholders.

### Concealment of Financial Information

205. Throughout the relevant period, Leisey maintained control over Aventus' financial information.

206. Plaintiffs repeatedly requested bank records, supporting documentation, accounting records, loan information, distribution records, and other financial documents.

207. Leisey failed and refused to provide complete access to those records.

208. The records that were produced were often incomplete and raised additional questions regarding the Company's finances.

209. Plaintiffs were forced to piece together information from third parties, vendors, accountants, and isolated records.

210. Leisey's refusal to provide transparency prevented Aventus from accurately evaluating the full extent of its damages.

211. Plaintiffs are informed and believe that additional misconduct will be revealed through discovery and a formal accounting.

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

212. Aventus has suffered substantial damages as a result of Leisey's conduct, including diverted funds, lost opportunities, increased expenses, and harm to the Company's business and reputation.

**Breakdown of the Shareholder Relationship and Need for Injunctive Relief**

213. By September 2025, Plaintiffs had lost confidence in Leisey's ability to manage Aventus' finances, assets, and affairs.

214. Plaintiffs' concerns were not based upon isolated disagreements regarding business strategy.

215. Rather, Plaintiffs' concerns arose from Leisey's growing pattern of self-dealing transactions, misuse of corporate resources, unequal distributions, and a lack of financial transparency.

216. Plaintiffs repeatedly attempted to obtain explanations and supporting documentation from Leisey.

217. Plaintiffs repeatedly attempted to resolve these issues internally.

218. Those efforts were unsuccessful.

219. As additional information became available, Plaintiffs discovered further examples of conduct that appeared to benefit Leisey and his affiliated entities at Aventus' expense.

220. Plaintiffs informed Leisey that they no longer believed it was possible to continue operating the Company under his leadership.

221. Plaintiffs further expressed concern that Leisey's actions had exposed Aventus to unnecessary financial, legal, and reputational risk.

222. Among other things, Plaintiffs questioned Leisey's use of Company funds, Company vendors, Company employees, Company credit cards, and Company consultants for non-Aventus purposes.

223. Plaintiffs also questioned Leisey's handling of shareholder distributions, loans, tax-related payments, and related-party transactions.

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

19

224.   Rather than restoring confidence through transparency, Leisey continued to withhold information and maintain control over Company finances and accounts.

225.   To this day, Leisey continues to claim authority over Aventus despite the serious concerns regarding his conduct.

226.   Plaintiffs are informed and believe that Leisey continues to maintain access to corporate accounts, corporate records, and corporate assets.

227.   Plaintiffs are further informed and believe that Leisey continues to assert authority over Aventus despite acting contrary to the interests of the Company.

228.   Aventus cannot adequately protect itself while the individual accused of misusing Company assets remains in control of those same assets.

229.   Aventus cannot conduct a meaningful internal investigation while Leisey retains control over the records necessary to perform that investigation.

230.   Aventus cannot obtain a complete accounting while Leisey continues to control access to financial information.

231.   Plaintiffs are informed and believe that additional transactions, records, and communications remain within Leisey's possession, custody, or control.

232.   Monetary damages alone are insufficient to protect Aventus from the ongoing harm caused by Leisey's continued control of the Company.

233.   Unless restrained by this Court, Leisey will continue to exercise authority over Aventus' accounts, finances, records, and operations.

234.   Aventus faces a substantial risk of additional harm if Leisey remains in a position to control Company assets during the pendency of this action.

235.   Plaintiffs therefore seek immediate and permanent injunctive relief removing Leisey from control of Aventus' bank accounts, financial operations, books and records, and corporate decision-making authority.

236.   Plaintiffs further seek an order removing Leisey as Chief Executive Officer, President, Chairman of the Board, and from any other position that allows him to exercise control over Aventus or its assets.

237.    Such relief is necessary to preserve Aventus' assets, protect the Company's interests, prevent further harm, and ensure that an independent accounting can be conducted.

238.    All conditions precedent to the filing of this action have occurred, have been performed, or have been excused.

## FIRST CAUSE OF ACTION

### (Derivative Claim for Injunctive Relief)

239.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

240.    Leisey owes fiduciary duties to Aventus arising from his positions as officer, director, Chairman of the Board, Chief Executive Officer, President, and controlling shareholder.

241.    As alleged herein, Leisey has used his positions of authority to engage in self-dealing transactions, divert Company resources, conceal material financial information, and place his personal interests ahead of the interests of Aventus.

242.    Aventus has suffered and continues to suffer irreparable harm as a result of Leisey's conduct.

243.    Leisey's continued control over Aventus' finances, records, and operations presents an ongoing threat to the Company.

244.    Aventus lacks an adequate remedy at law because the full extent of the harm caused by Leisey remains unknown and cannot be determined without access to records currently under his control.

245.    Unless enjoined by this Court, Leisey will continue to exercise authority over Aventus' assets and affairs.

246.    The balance of hardships weighs heavily in favor of protecting Aventus from further harm.

247.    The public interest favors ensuring that corporate fiduciaries comply with their obligations and do not misuse corporate assets for personal gain.

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

21

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

248.    Plaintiffs are therefore entitled to temporary, preliminary, and permanent injunctive relief.

249.    Plaintiffs request entry of an order:

a. Removing Leisey from all positions of authority within Aventus;

b. Prohibiting Leisey from accessing or controlling Aventus bank accounts;

c. Prohibiting Leisey from accessing, altering, transferring, or destroying Aventus books, records, or electronically stored information;

d. Requiring Leisey to immediately surrender all Company property, passwords, credentials, records, and financial information;

e. Requiring a full accounting of all transactions involving Aventus and any Leisey-affiliated entity; and

f. Granting such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

**(Derivative Claim for Breach of Bylaws and Corporate Governance Documents)**

250.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

251.    Aventus' Bylaws constitute a binding agreement governing the rights, obligations, authority, and responsibilities of the Company's shareholders, directors, and officers.

252.    At all relevant times, Leisey was subject to and bound by the Aventus Bylaws.

253.    At all relevant times, Leisey served as Chairman of the Board, President, Chief Executive Officer, director, and controlling shareholder of Aventus.

254.    The Bylaws entrusted Leisey with substantial authority over Aventus' affairs and corporate governance.

255.    The Bylaws further required that such authority be exercised in the best interests of Aventus and in accordance with Nevada law.

256.    Rather than acting in the best interests of Aventus, Leisey repeatedly used his positions of authority to benefit himself and entities under his control.

22

257. Among other things, Leisey caused Aventus funds, personnel, consultants, vendors, and resources to be utilized for purposes unrelated to Aventus' business.

258. Leisey further caused Aventus to enter into, fund, or subsidize transactions that primarily benefited Leisey and his affiliated entities.

259. Leisey exercised corporate authority for personal purposes rather than corporate purposes.

260. Leisey also failed to provide complete and accurate financial information concerning Aventus' operations, expenditures, distributions, and related-party transactions.

261. Plaintiffs repeatedly requested information necessary to evaluate Aventus' financial condition and the transactions challenged herein.

262. Leisey failed and refused to provide complete access to such information.

263. By exercising corporate authority for personal benefit, concealing material financial information, and placing his interests above those of Aventus, Leisey violated the obligations imposed upon him by the Bylaws.

264. Leisey's conduct constituted a material breach of Aventus' corporate governance documents.

265. As a direct and proximate result of those breaches, Aventus suffered damages in an amount to be proven at trial but in excess of $75,000.00.

266. Aventus further incurred unnecessary expenses, suffered governance failures, lost corporate opportunities, and was exposed to increased legal and financial risk.

267. Plaintiffs, on behalf of Aventus, seek all damages, equitable relief, disgorgement, restitution, accounting relief, and other remedies available under Nevada law, including attorneys' fees incurred.

**THIRD CAUSE OF ACTION**

**(Derivative Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing)**

268. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

Takos Law Group, Ltd.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

269. The Bylaws and governing corporate agreements created contractual and quasi-contractual duties among Aventus, its shareholders, directors, and officers.

270. Embedded within those agreements was an implied covenant of good faith and fair dealing.

271. The implied covenant required Leisey to exercise his authority honestly, fairly, and in a manner consistent with the justified expectations of Aventus and its shareholders.

272. Plaintiffs reasonably expected that Leisey would use his authority to advance Aventus' interests rather than his own.

273. Plaintiffs reasonably expected that Company assets would be used for Company purposes.

274. Plaintiffs reasonably expected that financial information would be maintained accurately and disclosed when properly requested.

275. Plaintiffs reasonably expected that shareholders would be treated fairly and consistently.

276. Leisey frustrated those justified expectations.

277. Instead of acting for the benefit of Aventus, Leisey used his positions of authority to advance his own personal and financial interests.

278. Leisey diverted Company resources to affiliated entities and personal ventures. Leisey engaged in self-interested transactions that were not undertaken for the benefit of Aventus.

279. Leisey concealed or failed to disclose material financial information concerning those transactions.

280. Leisey exercised the powers granted to him under the Bylaws in a manner that deprived Aventus and its shareholders of the benefit of their bargain.

281. Although certain actions taken by Leisey may have fallen within the technical scope of authority granted to him, his exercise of that authority was inconsistent with the spirit, purpose, and justified expectations underlying the Company's governing documents.

282. Leisey acted in bad faith and contrary to the interests of Aventus.

24

283.   As a direct and proximate result of Leisey's conduct, Aventus suffered damages in an amount to be proven at trial.

284.   Aventus is entitled to recover all damages, equitable relief, restitution, disgorgement, accounting relief, attorneys' fees and such further relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION

**(Derivative Claim for Breach of Fiduciary Duty)**

285.   Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

286.   As an officer, director, Chairman of the Board, Chief Executive Officer, and controlling shareholder of Aventus, Leisey owed fiduciary duties of loyalty, care, candor, and good faith to Aventus.

287.   Those duties required Leisey to act in the best interests of Aventus and to refrain from using his position for personal gain at the Company's expense.

288.   Leisey breached those duties.

289.   Among other things, Leisey used Aventus funds, personnel, vendors, consultants, and resources for the benefit of himself and entities under his control.

290.   Leisey caused Aventus to incur expenses that primarily benefited Emerald Tea and other non-Aventus ventures.

291.   Leisey engaged in related-party transactions that were not fair to Aventus.

292.   Leisey received loans, distributions, payments, and other financial benefits that were not made proportionately or for a legitimate corporate purpose.

293.   Leisey exercised corporate authority to advance his own interests rather than the interests of Aventus.

294.   Leisey failed to disclose material information concerning the transactions challenged herein.

295.   Leisey failed to maintain transparency regarding Aventus' financial condition, expenditures, and related-party dealings.

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

25

296.    Leisey failed and refused to provide complete access to corporate books and records despite repeated requests.

297.    Leisey treated Aventus as his personal piggy bank rather than as a separate corporate entity.

298.    Leisey placed Aventus at risk by intertwining Company operations and resources with unrelated personal ventures.

299.    Leisey's conduct was intentional, knowing, and contrary to the interests of Aventus.

300.    As a direct and proximate result of Leisey's breaches of fiduciary duty, Aventus suffered damages in an amount to be proven at trial.

301.    Aventus further suffered loss of corporate assets, increased expenses, lost business opportunities, and exposure to financial, legal, and reputational harm.

302.    Leisey was unjustly enriched by his misconduct.

303.    Plaintiffs, on behalf of Aventus, seek recovery of all damages caused by Leisey's breaches, together with disgorgement of all benefits improperly obtained, restitution, equitable relief, attorneys fees and such further relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### (Derivative Claim Under NRS 41.580)

304.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

305.    At all relevant times, Aventus owned money, property, business assets, corporate resources, and other property interests subject to protection under Nevada law.

306.    Leisey wrongfully took, used, retained, controlled, transferred, or diverted Aventus property for purposes unrelated to Aventus' business.

307.    Among other things, Leisey caused Aventus funds, personnel, vendors, consultants, and resources to be used for his personal benefit and the benefit of entities under his control.

308.    Leisey lacked lawful authority to appropriate Aventus property for personal purposes.

309.    Aventus did not consent to the conduct alleged herein.

26

310. As a direct and proximate result of Leisey's conduct, Aventus suffered damages.

311. Pursuant to NRS 41.580, Aventus is entitled to recover its damages, together with all other relief permitted by law.

<b>SIXTH CAUSE OF ACTION</b>

<b>(Derivative Claim for Conversion)</b>

312. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

313. Aventus owned and had the right to possess its funds, accounts, assets, business resources, and property.

314. Leisey intentionally exercised dominion and control over Aventus property in a manner inconsistent with Aventus' rights.

315. Leisey converted Aventus property by directing Company funds, resources, personnel, and services to himself and entities under his control.

316. Leisey further converted Aventus property by using Company assets for purposes unrelated to Aventus' business.

317. Aventus did not authorize the conduct alleged herein.

318. Leisey's exercise of dominion and control over Aventus property was wrongful.

319. As a direct and proximate result of Leisey's conduct, Aventus suffered damages in an amount to be proven at trial but in excess of $75,000.00.

320. Plaintiffs, on behalf of Aventus, seek recovery of all converted property, damages, disgorgement, restitution, prejudgment interest, attorneys fees and all other relief available under Nevada law.

<b>SEVENTH CAUSE OF ACTION</b>

<b>(Derivative Claim for Failure to Provide Access to Books and Records)</b>

321. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

322. As shareholders and directors of Aventus, Plaintiffs were entitled to inspect Aventus' books, records, financial information, and corporate documents.

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

323. Aventus' governing documents and Nevada law required that corporate records be maintained and made available for proper inspection.

324. Beginning no later than 2025, Plaintiffs repeatedly requested access to Aventus' financial records and supporting documentation.

325. Plaintiffs specifically requested information concerning distributions, loans, related-party transactions, credit card expenditures, vendor payments, Emerald Tea Supply Company transactions, and other financial activity.

326. Those requests were reasonable and made for proper corporate purposes.

327. Leisey failed and refused to provide complete access to the requested records.

328. The records produced were incomplete and insufficient to explain the transactions at issue.

329. Leisey's refusal to provide complete records prevented Plaintiffs from evaluating Aventus' financial condition and the full extent of the damages suffered by the Company.

330. Leisey's conduct further prevented Aventus from adequately investigating potential wrongdoing.

331. As a direct and proximate result of Leisey's conduct, Aventus suffered damages and continues to incur expenses associated with reconstructing its financial records and investigating the transactions described herein.

332. Plaintiffs are entitled to an order compelling production of all Aventus books, records, financial statements, bank records, accounting records, tax records, electronically stored information, and related corporate documents.

## EIGHTH CAUSE OF ACTION

### (Derivative Claim for Accounting)

333. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

334. Leisey exercised substantial control over Aventus' finances, banking relationships, accounting records, and financial reporting.

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

335. The transactions challenged in this action involve numerous transfers, distributions, reimbursements, related-party transactions, loans, and expenditures.

336. The nature and extent of those transactions cannot be fully determined without a complete accounting.

337. Much of the information necessary to perform that accounting remains within Leisey's possession, custody, or control.

338. Plaintiffs have no adequate means of determining the full amount of Aventus' damages absent a formal accounting.

339. Equity therefore requires a complete accounting of Aventus' finances during the period of Leisey's control.

340. Plaintiffs seek an order requiring Leisey to provide a full accounting of all Aventus funds, distributions, loans, reimbursements, related-party transactions, transfers, expenditures, and payments involving Leisey or any entity under his control.

## NINETH CAUSE OF ACTION

### (Derivative Claim for Declaratory Relief)

341. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

342. An actual and justiciable controversy exists between the parties concerning Leisey's rights, authority, and conduct as an officer, director, Chairman, and controlling shareholder of Aventus.

343. Plaintiffs contend that Leisey breached his fiduciary duties, misused corporate assets, engaged in self-dealing transactions, and acted contrary to the interests of Aventus.

344. Leisey disputes those contentions.

345. A judicial declaration is necessary to resolve the parties' respective rights and obligations.

346. Plaintiffs seek declarations that:

    a. Leisey breached his fiduciary duties to Aventus;

b. The challenged transactions were not undertaken in the best interests of Aventus;

c. Aventus is entitled to recover damages arising from those transactions;

d. Leisey is not entitled to continue exercising authority over Aventus while acting contrary to the Company's interests; and

e. Aventus is entitled to all other relief requested herein.

347.    Declaratory relief will terminate the uncertainty and controversy giving rise to this action and will assist in protecting Aventus from further harm.

WHEREFORE, Plaintiffs pray for the following relief:

1.    Judgment in an amount to be determined at trial, but in excess of $75,000.00;

2.    Pre and post judgment interest;

3.    Punitive damages;

4.    Attorneys' fees and costs of suit;

5.    For temporary, preliminary, and permanent injunctive relief removing Defendant Jason Leisey from any position that permits him to exercise control over Aventus NV, Inc., including but not limited to his positions as Chairman of the Board, President, Chief Executive Officer, director, officer, employee, agent, or representative of the Company;

6.    For an order prohibiting Defendant from accessing, controlling, transferring, encumbering, concealing, altering, or disposing of any Aventus assets, accounts, records, electronically stored information, passwords, credentials, or property;

7.    For an order requiring Defendant to immediately surrender all Aventus books, records, financial information, bank records, accounting records, tax records, electronically stored information, passwords, credentials, and Company property in his possession, custody, or control;

8.    For an order requiring a full accounting of all Aventus funds, distributions, loans, reimbursements, transfers, expenditures, related-party transactions, and payments involving Defendant or any entity owned or controlled by Defendant;

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

30

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900

9.    For recovery of all Aventus funds, property, assets, and resources wrongfully diverted, transferred, converted, misappropriated, or otherwise used for Defendant's personal benefit or the benefit of entities under his control;

10.    For disgorgement of all compensation, distributions, payments, profits, benefits, and other consideration improperly received by Defendant as a result of the conduct alleged herein;

11.    For the imposition of a constructive trust over any funds, assets, property, accounts, or proceeds traceable to Aventus property wrongfully obtained by Defendant;

12.    For appointment of a neutral forensic accountant, special master, or other independent professional selected by the Court to conduct a full accounting and forensic review of Aventus NV, Inc.'s finances, including but not limited to all distributions, loans, reimbursements, related-party transactions, transfers, credit card expenditures, vendor payments, and transactions involving Defendant Jason Leisey, Emerald Tea Supply Company, JAGGR Management, and any other entity owned or controlled by Defendant, with the authority to inspect and review all books, records, accounts, electronically stored information, and financial documents necessary to determine the nature and extent of Aventus' damages and any diversion of corporate assets; and

13.    Any further relief the Court may deem just and proper.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

31

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims and issues so triable as a matter of right.

DATED this 8th day of June, 2026.

TAKOS LAW GROUP, LTD.


_____/s/ Steven R. Hart_____
Zachary P. Takos, Esq., Nevada Bar No. 11293
Steven R. Hart, Esq., Nevada Bar No. 15418
1935 Village Center Circle
Las Vegas, Nevada 89134

*Counsel for Counsel for Craig Cox, Greg Bristol,
and Aventus NV, Inc.*

TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
702.658.1900